UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARY O. RIVERA,<br><br>         Plaintiff,<br><br>-against-<br><br>TOYOTA MOTOR NORTH AMERICA, INC.,<br>TOYOTA MOTOR CORPORATION and<br>TOYOTA MOTOR SALES U.S.A., INC.,<br><br>         Defendants. | ECF<br>Civil Action No.:<br>10-cv-4998 (KAM)(RER) |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MYRNA SOCORRO and DONATO PASTORE<br>as Co-Personal Representatives and Co-Executors<br>of the Estate of ERNEST CODELIA, JR., deceased,<br><br>         Plaintiffs,<br><br>-against-<br><br>TOYOTA MOTOR NORTH AMERICA, INC.,<br>TOYOTA MOTOR CORPORATION and<br>TOYOTA MOTOR SALES U.S.A., INC.,<br><br>         Defendants. | ECF<br>Civil Action No.:<br>10-cv-5020 (KAM)(RER) |

## STIPULATED PROTECTIVE ORDER

THIS MATTER having come before this Court on the ___23rd___ day of ___Sept.___, 2011, on the Stipulated Protective Order which Plaintiffs Mary O. Rivera, and Myrna Socorro and Donato Pastore as Co-Personal Representatives and Co-Executors of the Estate of Ernest Codelia, Jr., deceased, agree should be entered to govern the disclosure of

{V0056384.1}

4. Confidential Discovery Materials shall be designated as confidential by a stamp stating "Produced Pursuant to Protective Order."

5. TMC may, on the record of a deposition, or within fourteen business days after receipt of the transcript of such deposition, designate any portion of a deposition as "Confidential" under the terms of this Protective Order. In such a circumstance, TMC shall file a Motion to Seal the transcript, and all copies of deposition transcripts that contain material designated confidential shall be prominently marked "Confidential" on the cover thereof.

6. Confidential Discovery Material shall be used only for the prosecution and/or defense of this action or any appeal therefrom, and not for any business or other purpose except as agreed to by TMC, or as ordered by this Court.

7. Under no circumstances other than those specifically provided for in this or subsequent Court Orders, or other than with the explicit consent in writing of TMC, shall Confidential Discovery Material, information in any way whatsoever be revealed, disclosed, or otherwise made known to persons other than the following:

   a. Counsel for plaintiffs Mary O. Rivera, and Myrna Socorro and Donato Pastore as Co-Personal Representatives and Co-Executors of the Estate of Ernest Codelia, Jr., deceased, who has appeared in this action and regular and temporary employees of such counsel assisting in the conduct of this action;

   b. Experts or consultants retained in good faith to assist plaintiffs and their counsel;

   c. Court reporters who record testimony taken in the course of this litigation;

   d. Mediators who are assisting the parties in negotiating a settlement of this litigation;

   e. The Court;

    f.  Witnesses deposed in this action or who appear at any hearing in this action, but only to the extent that disclosure is necessary for questioning in connection with such deposition or appearance; and

    g.  Counsel of record in a lawsuit involving a Toyota/Lexus model equipped with a similar Smart Access System with push-button as installed in the 2008 Lexus ES350 (the 2007-2012 MY Lexus ES, 2006-2012 MY Lexus GS, 2007-2012 MY Lexus GS Hybrid, 2006-2012 MY Lexus IS, 2008-2012 MY Lexus IS-F, 2007-2012 MY Lexus LS, 2008-2012 MY Lexus LS Hybrid 2008-2012 MY Lexus LX, 2007-2011 MY Toyota CAMRY (Optional equipment), 2007-2011 MY Toyota CAMRY Hybrid, 2009-2012 MY Toyota Corolla (Optional equipment), 2008-2012 MY Toyota HIGHLANDER (Optional equipment), 2008-2012 MY Toyota HIGHLANDER Hybrid, 2008-2012 MY Toyota LAND CRUISER, 2009-2012 MY Toyota RAV4 (Optional equipment) and 2005-2012 MY Toyota Avalon (Optional equipment)), in which it was alleged that a driver of the above identified models complained that he/she exited the vehicle with the key fob, left the engine running and the vehicle did not automatically shut down and/or warn that the engine had been left running."

Each person given access to Confidential Discovery Material shall be advised by counsel for plaintiffs that the material and/or information is being disclosed pursuant to, and subject to, the terms of this Protective Order, and may not be disclosed other than pursuant to the terms thereof.

    8.    Prior to disclosure of Confidential Discovery Material to any expert or consultant, or other person, counsel for plaintiffs shall inform each such person that the matter is confidential and may not be disclosed or used except as provided in this Protective Order. Furthermore, prior to disclosure of any Confidential Discovery Material or information contained therein to such persons, such persons shall first:

    a.  Read this Protective Order; and

    b.  Sign a copy of the Acknowledgement of Protective Order attached hereto as Appendix A, and thereby become subject to this Protective Order. A copy of the signed Acknowledgement of Protective Order is to be retained by counsel for plaintiffs.

9. Those experts and/or consultants, or other persons, given access to documents produced pursuant to this Protective Order agree voluntarily to submit to the jurisdiction of the United States District Court for the Eastern District of New York, for the purpose of enforcing the terms of this Protective Order and imposing sanctions for its violation.

10. In the event that counsel for any party determines to file with this Court any Confidential Discovery Material or any papers containing or making reference to such material or information, such documents, or the portions of such documents that contain Confidential Discovery Material, shall be filed only in a sealed envelope on which a statement substantially in the following form shall be endorsed:

> CONFIDENTIAL
> This envelope contains documents that are subject to a Protective Order entered by the Court in this action governing the use of Confidential Discovery Material.

All such material so filed shall be maintained by the Clerk of the Court separate from the public records in this action, and shall be released only upon further Order of the Court.

11. Inadvertent production of any information, document or thing without it being marked "Confidential" shall not, by itself, be deemed a waiver of any claim of confidentiality as to such matter, and the same may thereafter be designated as "Confidential," unless public dissemination of documents or information occurs prior to the designation of confidentiality.

12. Entering into, agreeing to and/or receiving materials or otherwise complying with the terms of this Protective Order shall not:

   a. Operate as an admission that any particular discovery material contains or reflects trade secrets, proprietary or sensitive commercial information or other confidential matter;

    b. Prejudice in any way the rights of plaintiffs to apply to the Court for an Order that the information designated as confidential need not be treated as "Confidential;"

    c. Prejudice in any way the rights of TMC to object to the production of documents it considers not subject to discovery;

    d. Prejudice in any way the rights of TMC to apply to the Court for a further Protective Order relating to any confidential information; or

    e. Prejudice in any way the rights of plaintiffs or TMC to seek a modification of this Protective Order.

13. This Protective Order has no effect upon, and its scope shall not extend to, TMC's use of its own Confidential Discovery Material.

14. Plaintiffs shall have the right to challenge any designation of confidentiality. The parties agree that before seeking any relief from the Court in connection with the designation of any information, documents or things as Confidential Discovery Material, they will make a good faith effort to resolve any disputes concerning such confidentiality. In that regard, before seeking relief from the Court, plaintiffs agree to notify counsel for TMC in writing that he disagrees with a confidentiality designation. Such written notice shall identify specifically each item of Confidential Discovery Material which is contended should not be accorded confidential treatment. If the parties are unable to resolve plaintiffs' objection to the designation of certain discovery material as confidential, plaintiffs will apply to the Court for relief within fourteen (14) days of the conclusion of negotiations between the parties. During the pendency of the process, including any motions/applications and appeal thereof, described in this paragraph, the Confidential Discovery Material being challenged shall continue to be accorded the confidential treatment described in this Protective Order.

15. Objections to a confidentiality designation as described in the preceding paragraph shall be heard before this Court.

16. After the termination of this action, this Protective Order shall continue to be binding upon the parties hereto, and upon all persons to whom Confidential Discovery Material has been disclosed or communicated, and this Court shall retain jurisdiction for enforcement of its provisions.

17. Within sixty (60) days of the conclusion of this litigation, by settlement or by judgment, all Confidential Discovery Material supplied by TMC, including any notes, materials, and/or memoranda containing the actual content of the documents or materials covered by this Order, and also including without limitation, copies provided to testifying or consulting experts, shall be returned to counsel for TMC and/or destroyed. Upon return or destruction, an attorney of record for plaintiffs shall furnish to counsel of record for TMC, a statement confirming compliance with this section.

18. Nothing in this Order shall be deemed a waiver of TMC's right to oppose discovery upon grounds other than that the documents and information sought constitute or contain confidential information; or to object on any grounds to the admission in evidence, at the trial for this action, of any confidential information.

Dated: White Plains, New York
September 21, 2011

/s/
By: Steven R. Kramer, Esq. (SK 2097)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
*Attorneys for Defendants*
TOYOTA MOTOR NORTH AMERICA, INC., TOYOTA
MOTOR CORPORATION and
TOYOTA MOTOR SALES U.S.A., INC.,
10 Bank Street, Suite 700
White Plains, New York 10606
E-Mail: skramer@eckertseamans.com
T: (914) 949-2909
F: (914) 949-5424

Dated: New York, New York
9/2/, 2011

By: Noah H. Kushlefsky, Esq. (6272)
KREINDLER & KREINDLER
*Attorneys for Plaintiffs*
100 Park Avenue
New York, NY 10017
E-Mail: nkushlefsky@kreindler.com
T: (212) 687-8181
F: (212) 972-9432

SO ORDERED.

/s/ RER
Hon. Ramon E. Reyes, Jr., U.S.M.J.

## APPENDIX A

### ACKNOWLEDGEMENT OF PROTECTIVE ORDER

I hereby certify that I have read the Protective Order dated _____, 2011, entered in the cases encaptioned *Mary O. Rivera v. Toyota Motor North America, Inc., et. al.* and *Myrna Socorro v. Toyota Motor North America, Inc., et. al.*, both pending in the United States District Court for the Eastern District of New York, under Civil Action Nos.: 10-cv-4998 (KAM)(RER) and 10-cv-5020 (KAM)(RER). Before reviewing or receiving access to the contents of any document subject to the protection of that Protective Order, and as a condition for such review or access, I understand and agree that I am personally bound by and subject to all of the terms and provisions of the Protective Order. I subject myself to the jurisdiction and venue of said Court for purposes of enforcement of the Protective Order.

BY:_____
     (Print Name)


DATE:_____


_____
(Employer or Business Affiliation)